IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
WILLIAM R. SMITH, as        )
administrator of the estate )
of Michael J. Smith,        )
                            )
     Plaintiff,             )
                            )      CIVIL ACTION NO.
     v.                     )        2:21cv468-MHT
                            )           (WO)
JUJUAN WHIGHAM, et al.,     )
                            )
     Defendants.            )
```

OPINION AND ORDER

This case comes before the court on defendant Derek Simmons's motion to stay proceedings in this civil action. For the reasons that follow, the motion will be denied.

Plaintiff William R. Smith, as the administrator of the estate of Michael J. Smith, brought claims against Simmons and defendants JuJuan Whigham, Dennis Brown, and Dominic Whitley under 42 U.S.C. § 1983 and state law for their alleged roles in the death of Michael Smith while incarcerated at the Ventress Correctional Facility. According to the complaint, on or about

November 30, 2019, Whigham and Simmons beat decedent Smith, inflicting blunt force head trauma and traumatic brain injury that resulted in his death.  *See* Complaint (Doc. 1) at 3-7.  Simmons now moves for a stay of this civil action based on a criminal investigation into Smith's death that Simmons asserts is pending.

The court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  In exercising this discretion, the court "must assess and balance the nature and substantiality of the injustices claimed on either side."  *Abrams v. Tuberville*, No. 3:12cv177-MHT, 2013 WL 842710, at *2 (M.D. Ala. 2013) (Thompson, J.) (quoting *Feld Entm't, Inc. v A.S.P.C.A.*, 523 F. Supp. 2d 1, 3 (D.D.C. 2007) (Sullivan, J.)).

When a defendant in a civil action moves for a stay pending a criminal prosecution, "it is the rule, rather than the exception that the civil and criminal cases proceed together."  *Abrams*, 2013 WL 842710, at *2

2

(brackets omitted) (quoting *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 761 (W.D. Tex. 2008) (Martinez, J.)). "[A] court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'" *United States v. Lot 5, Fox Grove, Alachua Cty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (quoting *United States v. Kordel*, 397 U.S. 1, 12 & n.27 (1970)). Factors to be considered in this analysis include "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." *Abrams*, 2013 WL 842710, at *3 (quoting

3

*Yeomans v. Forster & Howell, Inc.*, No. 1:09cv488-WHA, 2009 WL 2960387, at *1 (M.D. Ala. 2009) (Albritton, J.)).

Simmons has not made a showing of special circumstances sufficient to justify a stay of the action at this time. No defendant has been indicted, and the parties cannot concretely identify steps that have been taken in the asserted criminal investigation for most of the nearly two years since the alleged incident. Counsel for Simmons represented that Simmons was interviewed by the Alabama Department of Corrections Investigations and Intelligence Division twice within roughly one month of the alleged incident, nearly two years ago. Simmons argues that even the uncertain potential of a criminal case implicates his Fifth Amendment privilege against self-incrimination. But "a blanket assertion of the privilege is an inadequate basis for the issuance of a stay." *Lot 5*, 23 F.3d at 364. "The court may deny a stay so long as

4

the privilege's invocation does not compel an adverse judgment against the claimant." *Id.* At this early stage of proceedings and in light of the presently available information as to any criminal investigation, Simmons's assertions of prejudice are inadequate to outweigh the public interest and the interest of plaintiff administrator William Smith in expeditious resolution of this case. The court will revisit the issue if later circumstances warrant such.

***

Accordingly, it is ORDERED that defendant Derek Simmons's motion to stay proceedings (Doc. 23) is denied at this time.

DONE, this the 30th day of September, 2021.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**