IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM R. SMITH, as administrator of the estate of MICHAEL J. SMITH, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | Case No. 2:21-cv-468-MHT-KFP ) ) |
| JEFFERSON DUNN, *et al.*, | ) ) |
| Defendants. | ) |

**THE ADOC PARTIES' RESPONSE IN OPPOSITION TO THE MOTION
TO LIFT TEMPORARY STAY TO CONDUCT LIMITED DISCOVERY**

Defendants Jefferson Dunn ("Dunn"), Charles Daniels ("Daniels"), Matthew Brand ("Brand"), JuJuan Whigham ("Whigham"), Dennis Brown ("Brown"), Dominic Whitley ("Whitley"), Derek Simmons ("Simmons"), Christopher Gordy ("Gordy" and collectively with Dunn, Daniels, Brand, Whigham, Brown, Whitley, and Simmons the "ADOC Parties") submit this response in opposition to Plaintiff's motion to lift the temporary stay. (Doc. 85). In support of this response, the ADOC Parties state as follows:

1. On May 26, 2022, Plaintiff William R. Smith, as administrator of the estate of Michael J. Smith, ("Plaintiff"), joined with the initial defendants in filing a motion for a stay of this action. (Doc. 59). The parties jointly sought a stay of this action pending the outcome of a criminal investigation and, possibly, prosecution

stemming from the alleged facts underpinning this action. The Court granted the motion to stay on June 8, 2022, after a telephone status conference. (Doc. 68). The Court administratively closed this action. (Id.). Although criminal charges remain pending, on September 6, 2023, Plaintiff filed a motion requesting the Court lift the stay. (Doc. 85). "[I]t is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is *ended*." Wallace v. Kato, 549 U.S. 384, 393-94 (2007) (emphasis added). Plaintiff provides no explanation as to the exact reasons why the Court in this matter should diverge from common practice and lift the stay in this action before resolution of the related criminal matter.

2. On June 8, 2022, when the Court granted the stay and administratively closed this action, several motions remained pending. (See Docs. Nos. 60, 65, 68). Additionally, at that time (and continuing to the present), Plaintiff failed to perfect service upon Dunn and Daniels – a problem raised in the briefing schedule on the motions to dismiss. (Doc. 60[1]). Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, which Dunn, Daniels, and Brand (among other ADOC Parties) intend to raise if Plaintiff ever properly serves these individuals.[2]

---

[1] The ADOC Officials discussed waiving service once Plaintiff provided a service waiver with a date of service of May 31, 2022. However, Plaintiff has still not provided a service waiver, and as such, service remains unperfected. (Doc. 60).
[2] The ADOC Parties do not waive and hereby preserve all defenses, including those under Rule 12, in response to the Amended Complaint.

2

3. Plaintiff offers no evidence to suggest that the criminal investigation concluded or that criminal prosecution will not occur. Indeed, Plaintiff concedes that Officer Simmons awaits trial following his indictment. (Doc. 85 at ¶4). Plaintiff's "belief" that no other charges will be filed fails to justify lifting the stay. "Discovery" at this time, would waste the parties' time and resources. Plaintiff fails to identify what type of "limited discovery" he seeks. Moreover, allowing discovery at this juncture prejudices a party, like Simmons, who cannot participate because of the threat of criminal prosecution. S.E.C. v. HealthSouth Corp., 261 F.Supp 2d 1298, 1316 (11th Cir. 2003) (defendant "placed in the position of either waiving his Fifth Amendment rights and defending himself in the matter before this court, or asserting the privilege and probably losing this civil proceeding"). Moreover, Plaintiff identifies no discovery against the supervisory defendants (such as Dunn, Daniels, Brand, and Gordy) that would not concern or relate to the supervised employees, including Simmons. "The degree to which the issues in the simultaneous civil and criminal proceedings overlap is the most important threshold issue in deciding whether the court should stay the civil proceeding." Id. at 1326. Plaintiff's theory of liability against the ADOC Officials plainly relies at least in part on the actions of the supervised employees; thus, the scope of discovery clearly overlaps not only between defendants but also the criminal and civil cases. Moreover, nothing changed since Plaintiff joined with the ADOC Parties seeking a stay of this action,

and, under the circumstances, a lift of the stay to get a jumpstart on discovery makes no sense and would result in a waste of time and resources.

4. Even assuming the accuracy of Plaintiff's unsupported and unmeritorious "belief" about Simmons' criminal prosecution was accurate, the procedural posture of this action fails to justify discovery at this point. From a procedural standpoint, this action just started. Plaintiff filed a pleading *but has not even served all the ADOC Parties, including Dunn and Daniels from whom Plaintiff apparently seeks discovery*. Rule 12 motions lack final orders. Fed. R. Civ. P. 12(b). Because of its infancy, the parties have not conducted a parties' planning meeting, created a Rule 26(f) report, obtained a scheduling order, or exchanged initial disclosures. Fed. R. Civ. P. 26. And, to be clear, if and when the Court lifts the stay and Plaintiff serves Dunn and Daniels, they intend to file a motion to dismiss Plaintiff's Amended Complaint. Of course, longstanding Eleventh Circuit precedent supports maintaining a stay of discovery pending decisions on motions to dismiss. See Chudasama v. Mazda Motor Corporation, 123 F.3d 1353, 1367 (11th Cir. 1997) (holding facial challenges to the legal sufficiency of a claim, such as a motion to dismiss based on failure to state a claim, should be resolved before discovery begins); See also Lee v. Ferraro, 284 F.3d 1188, 1193-94 (11th Cir. 2002) (holding that qualified immunity constitutes immunity from suit as well as liability, and as such, the Court should ascertain the validity of qualified immunity as early in the

lawsuit as possible) and Siegert v. Gilley, 500 U.S. 226, 232 (1991) (holding discovery should not begin until the Court resolves the threshold issue of qualified immunity). As the ADOC Parties intend to raise qualified immunity in their motions to dismiss, discovery in this matter remains pre-mature.

5. Plaintiff's desire to start discovery for the sake of discovery lacks any justification. No exceptional circumstances or other reason exists for premature, unidentified "discovery." Instead, the Court should await the outcome of Simmons' criminal proceeding and, even then, address all dispositive motions before requiring the parties to complete pretrial obligations and discovery. Forcing premature "discovery" under the circumstances would prejudice the ADOC Parties and run contrary to applicable law. For these reasons, the ADOC Parties respectfully request that the Court deny Plaintiff's motion.

6. Further, Defendant Simmons requests the continuance of the stay in light of the criminal indictment for manslaughter pending against him in the Circuit Court of Barbour County (CC-2022-000032) and his assertion of his Fifth Amendment right against self-incrimination asserted in this parallel civil action. (Doc. 54)

Dated: September 14, 2023.

                                                  /s/ Daniel J. Chism
                                                  Daniel J. Chism
                                                  *One of the Attorneys for the ADOC Officials*

        William R. Lunsford
        Matthew B. Reeves
        Daniel J. Chism
        Lynette E. Potter
        William J. Cranford, III
        **BUTLER SNOW LLP**
        200 West Side Square
        Huntsville, AL 35801
        Telephone: (256) 936-5650
        Facsimile: (256) 936-5651
        bill.lunsford@butlersnow.com
        matt.reeves@butlersnow.com
        daniel.chism@butlersnow.com
        will.cranford@butlersnow.com
        lynette.potter@butlersnow.com


        */s/ Steven K. Herndon*
        STEVEN K. HERNDON (ASB-0093-O74S)
        *Counsel for Defendant Derek Simmons*

        OF COUNSEL:
        **HERNDON LAW PC**
        1430 I-85 Parkway, Suite 234
        Montgomery, AL 36106
        Telephone: (334) 386-3848
        Email:  steve@herndon.law



        */s/ Robbie Alexander Hyde*
        ROBBIE ALEXANDER HYDE
        *Counsel for Defendant JuJuan Whigham*

        OF COUNSEL:
        **ALEXANDER HYDE, LLC**
        2138 Moore's Mill Road, Ste. A
        Auburn, AL 36830
        Email: robbie@alexanderhyde.com

*/s/ W. Allen Sheehan*
W. ALLEN SHEEHAN (ASB-7274-L69S)
ROBERT F. NORTHCUTT (ASB-9358-T79R)
C. RICHARD HILL, JR. (ASB-0773-L72C)
JAMES N. WALTER, JR. (ASB-2722-R68J)
R. BROOKE LAWSON III (ASB-5459-L63R)
*Counsel for Defendant Dennis Brown*

OF COUNSEL:
**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8083
Email:  bob.northcutt@chlaw.com
            rick.hill@chlaw.com
            jimmy.walter@chlaw.com
            allen.sheehan@chlaw.com
            brooke.lawson@chlaw.com


*/s/ Thomas A. McKnight, Jr.*
ALBERT L. JORDAN (ASB-5222-D51A)
THOMAS A. MCKNIGHT, JR.
BEN B. ROBINSON
*Counsel for Dominic Whitley*

OF COUNSEL:
**WALLACE, JORDAN, RATLIFF & BRANDT, LLC**
800 Shades Creek Parkway, Suite 400
Birmingham, AL 35209
Telephone: (205) 870-0555
Email:  bjordan@wallacejordan.com
            tmcknight@wallacejordan.com
            brobinson@wallacejordan.com

7

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been served upon all parties in this matter, including without limitation the following, by the Court's CM/ECF system or by U.S. Mail on this 14th day of September, 2023:

Leroy Maxwell, Jr.
Austin T. Russell
**MAXWELL TILLMAN LAW FIRM**
2326 2nd Avenue North
Birmingham, AL 35203
Telephone: (205) 216-3304
Facsimile: (205) 409-4145
maxwell@mxlawfirm.com
arussell@mxlawfirm.com

Richard A. Rice
**THE RICE FIRM LLC**
P.O. Box 453
Birmingham, AL 35201
Telephone: (205) 618-8733
Facsimile: (888) 391-7193
rrice@rice-lawfirm.com

*Attorneys for Plaintiff*

                                                 */s/ Daniel J. Chism*
                                                 Of Counsel