IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| WILLIAM R. SMITH, as administrator of the estate of Michael J. Smith,<br><br>     Plaintiff,<br><br>     v.<br><br>JEFFERSON DUNN, et al.,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO.<br>)    2:21cv468-MHT<br>)         (WO)<br>)<br>)<br>) |

ORDER

Before the court is plaintiff William R. Smith's motion to dismiss Counts 6 and 7 of his amended complaint against certain defendants without prejudice. The court had previously, upon motions to dismiss filed by defendants Jefferson Dunn, Charles Daniels, Matthew Brand, and Christopher Gordy, dismissed the state-created danger claim in Count 6 and the wrongful-death claim in Count 7 against those defendants without prejudice. *See* Opinion and Order (Doc. 114) at 53-54 (2025 WL 2795901 (M.D. Ala. 2025)).

Plaintiff now moves to dismiss those same counts against remaining defendants JuJuan Whigham, Derek T. Simmons, Dennis Brown, and Dominic Whitley, also without prejudice. For the reasons below, the court construes plaintiff's motion to dismiss these counts as a motion for leave to file a second amended complaint.

Upon plaintiff's request, a court may dismiss an "action" on "terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). However, Smith is requesting dismissal of two counts of his amended complaint, not the entire action. The Eleventh Circuit has been "abundantly clear" that voluntary dismissal under Rule 41 "disposes of the entire action, not just some of the plaintiff's claims." *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021). Rule 41, as currently written and interpreted, does not provide the court with the authority to dismiss individual counts. *See Perry v. Schumacher*

2

*Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018) (holding that plaintiff could not voluntarily dismiss one claim of her eight-claim complaint under Rule 41).[1] Because "Rule 41(a) speaks of dismissal of an action" Smith's attempt to dismiss two counts "is more appropriately considered to be an amendment to the complaint under Rule 15." *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 n.2 (5th Cir. 1978), *overruled on other grounds by Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1 (1980).[2]  Thus, the court construes

---

1. The court notes that a proposed amendment to Rule 41 would address this issue by making clear that dismissal of only claims is permissible. *See Proposed Amendments to the Federal Rules of Appellate, Bankruptcy, Civil, and Criminal Procedure, and Federal Rules of Evidence*, COMM. ON RULES OF PRAC. AND PROC. JUD. CONF. OF THE U.S. at 51–52 (August 2025) (revising Rule 41 so that it allows a plaintiff to voluntarily dismiss "an action *or one or more of its claims*" (emphasis added)).  However, that change is not anticipated to go into effect until 2027.

2. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit

3

plaintiff's motion to dismiss Counts 6 and 7 of the amended complaint as a motion to file a second amended complaint without those claims under Rule 15.

Under Rule 15, the court "should freely" permit a party to amend their pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The court finds good cause to do so here. Permitting a limited amendment would not prejudice any of the defendants and it would ease administration of the case. The court further finds that the record will be clearer for all involved if the amended complaint omits all previously dismissed claims.[3]

***

---

Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3. If at a later date plaintiff Smith wishes to reassert any claims previously dismissed without prejudice, he should file a motion for leave to amend the complaint in compliance with Rule 15 and the Middle District of Alabama's Local Rule 15.1.

4

Accordingly, it is ORDERED that

(1) Plaintiff William R. Smith's motion to dismiss (Doc. 121) is construed as a motion for leave to file a second amended complaint, and said motion is granted.

(2) Within seven days of the date of this order, plaintiff Smith shall file a second amended complaint omitting (a) the state-created danger claim (Count 6) and the wrongful-death claim (Count 7) as to defendants JuJuan Whigham, Derek T. Simmons, Dennis Brown, and Dominic Whitley, and (b) all claims previously dismissed by the court. The second amended complaint shall otherwise remain unchanged from its previous version.

DONE, this the 27th day of October, 2025.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

5